IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF DONNA M. FAY, By CAROL
M. THOMPSON, Special Administrator, and
CAROL M. THOMPSON INDIVIDUALLY,

        Plaintiffs,

AND ROSE M. KNAUP,

                                 Case No:
                                 Case Code:

        Involuntary Plaintiff,

v.

SSC GERMANTOWN OPERATING COMPANY LLC d/b/a
VIRGINIA HIGHLANDS HEALTH AND REHABILITATION CENTER,
VIRGINIA HIGHLANDS HLTH & REHAB CTR,
VIRGINIA HIGHLANDS HR,
VIRGINIA HIGHLANDS
A foreign corporation
c/o CT CORPORATION SYSTEM, its Registered Agent
301 S. Bedford Street, Suite 1
Madison, Wisconsin 53703,

ABC INSURANCE COMPANY
An insurance company, whose identity is unknown,

SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC
A foreign corporation
c/o THE CORPORATION TRUST COMPANY, its Registered Agent
1209 Orange Street
Wilmington, Delaware 19801,

DEF INSURANCE COMPANY
An insurance company, whose identity is unknown,

SAVASENIORCARE CONSULTING. LLC
A foreign corporation
c/o THE CORPORATION TRUST COMPANY, its Registered Agent
1209 Orange Street
Wilmington. Delaware 19801,

GHI INSURANCE COMPANY
An insurance company, whose identity is unknown,

1

XAVIER BECCERA as
SECRETARY OF THE U.S. DEPT.
OF HEALTH AND HUMAN SERVICES
c/o United States Attorney's Office
Federal Building
517 E. Wisconsin Avenue
Milwaukee, WI 53202

UNITEDHEALTHCARE OF WISCONSIN, INC.
A domestic corporation
c/o CT Corporation, its Registered Agent
301 S. Bedford Street, Suite 1
Madison, WI 53703

                    Defendants.
_____

## NOTICE OF REMOVAL
_____

To:    CLERK OF THE UNITED STATES DISTRICT COURT
       Eastern District of Wisconsin
       Gina M. Colletti
       United States Federal Building and Courthouse
       517 E. Wisconsin Ave.
       Room 362
       Milwaukee, WI 53202

       Ryan J. Hetzel
       HETZEL LAW OFFICE,LLC
       411 North River Road
       West Bend, WI 53090
       Ph: 262-334-4700

       WASHINGTON COUNTY CLERK OF CIRCUIT COURTS
       Theresa M. Russell
       432 East Washington St.
       West Bend, WI 53095

       NOW COME Defendants, SSC GERMANTOWN OPERATING COMPANY LLC,

SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC, and SAVASENIORCARE

CONSULTING, LLC, and provide this Notice of Removal to the United States District Court,

Eastern District of Wisconsin, based on diversity of citizenship under 28 U.S.C. §1441. The

specific grounds for removal are as follows:

1.	On August 26, 2021, Plaintiff, a Wisconsin citizen, commenced this action sounding in negligence and punitive damages, in the Circuit Court of Washington County, Wisconsin, entitled: THE ESTATE OF DONNA M. FAY, By CAROL M. THOMPSON, Special Administrator, And CAROL M. THOMPSON, Individually, and ROSE M. KNAUP, Involuntary Plaintiff v. SSC GERMANTOWN OPERATING COMPANY LLC d/b/a VIRGINIA HIGHLANDS HEALTH AND REHABILITATION CENTER, VIRGINIA HIGHLANDS HEALTH & REHABILITATION CENTER, VIRGINIA HIGHLANDS HR, SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC, and SAVASENIORCARE CONSULTING, LLC, Court No. 2021CV000417. (See Exhibit A, Complaint.)

2.	This Notice of Removal is brought under 28 U.S.C. §1441 and 1446. This Court has jurisdiction pursuant to 28 U.S.C. §1332 on the basis that there is complete diversity of citizenship between the parties and the amount in controversy is in excess of seventy-five thousand dollars ($75,000).

3.	Involuntary Plaintiff, ROSE M. KNAUP, is a citizen of the state of Wisconsin.

4.	Defendant, SSC GERMANTOWN OPERATING COMPANY LLC, a Delaware Limited Liability Company, through its registered agent, CT Corporation, was served with a copy of the Summons and Complaint on or about September 2, 2021. (See Exhibit B, Service of Process Transmittal)

5.	VIRGINIA HIGHLANDS HEALTH AND REHABILITATION CENTER is simply the assumed name used by SSC GERMANTOWN OPERATING COMPANY LLC during the time periods alleged in Plaintiff's Complaint.

6.	Defendant, SSC GERMANTOWN OPERATING COMPANY LLC, a Delaware Limited Liability Company, was a resident of the State of Delaware at all times relevant to Plaintiff's Complaint.

3

7.　　　Defendant, SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC, is a Delaware Limited Liability Company, and was a resident of the State of Delaware, with its principal place of business in Atlanta, Georgia at all times relevant to Plaintiff's Complaint.

8.　　　Defendant, SAVASENIORCARE CONSULTING, LLC, is a Delaware Limited Liability Company, and was a resident of the State of Delaware, with its principal place of business in Atlanta, Georgia at all times relevant to Plaintiff's Complaint.

9.　　　Defendants, SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC and SAVASENIORCARE CONSULTING, LLC, have since ceased operation. The two entities now operate under the name SAVASENIORCARE ADMINISTRATIVE AND CONSULTING, LLC. The entity n/k/a SAVASENIORCARE ADMINISTRATIVE AND CONSULTING, LLC is a resident of the State of Delaware, with its principal place of business in Atlanta, Georgia.

10.　　Defendant, XAVIER BECCERA as SECRETARY OF THE U.S. DEPT. OF HEALTH AND HUMAN SERVICES, is not considered a citizen of any State for diversity purposes. *See Howard v. Wal-Mart Stores E. I, LP*, No. 18-CV-431-JPS, 2018 U.S. Dist. LEXIS 158951 (E.D. Wis. Sep. 18, 2018).

11.　　Defendant, UNITEDHEALTHCARE OF WISCONSIN, INC., is a Wisconsin corporation. UNITEDHEALTHCARE OF WISCONSIN, INC. maintains only a subrogation interest, which are aligned with the Plaintiff's interests. This defendant should be realigned as a plaintiff, and diversity jurisdiction is not defeated by naming a subrogated party as a defendant. *See Lampe v. Genuine Parts Co.*, 463 F. Supp. 2d 928 (E.D. Wis. 2006)

12.　　There is complete diversity of citizenship between the parties under 28 U.S.C. §1332.

13.     This action is a lawsuit arising out of claims of negligence and punitive damages. Although Defendants deny that Plaintiff is entitled to any relief whatsoever, these Defendants believe, in good faith, that the amount in controversy exceeds seventy-five thousand dollars ($75,000).

14.     The underlying state court action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332, and is one that may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. §1441 because the matter in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of costs and interest, and there is complete diversity between Plaintiff and Defendants.

15.     Upon information and belief, a copy of the complete state court file consists of Plaintiff's complaint at law, and pursuant to 28 U.S.C. §1446(a) is attached as Exhibit A.

Respectfully submitted:

**CARDEN & TRACY**

By: _/s/ Terrence S. Carden, III_ .
Terrence S. Carden, III .
State Bar ID No. WI 1103035; IL 6205378
Email: tcarden@ct-trial.com

Attorneys for Defendants, SSC GERMANTOWN OPERATING COMPANY LLC SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC, and SAVASENIORCARE CONSULTING, LLC

Mailing Address:
30 North LaSalle St.
Suite 2200
Chicago, IL 60602
Office: 312-345-7209
Fax: 312-345-7251

5

# Exhibit A

FILED
08-26-2021
Clerk of Circuit Court
Washington County, WI
2021CV000417
Honorable James K
Muehlbauer
Branch 2

STATE OF WISCONSIN        CIRCUIT COURT        WASHINGTON COUNTY

THE ESTATE OF DONNA M. FAY,
By CAROL M. THOMPSON, Special Administrator,
And CAROL M. THOMPSON, Individually
W1189 Floral Park Lane
Campbellsport, WI 53010,

        Plaintiff, and

                                Case No.
                                Case Code:    30105
                                Wrongful death

ROSE M. KNAUP
N296 13TH Drive
Wautoma, WI 54982,

        Involuntary Plaintiff,

Vs.

SSC GERMANTOWN OPERATING COMPANY LLC d/b/a
VIRGINIA HIGHLANDS HEALTH & REHAB CENTER,
VIRGINIA HIGHLANDS HEALTH & REHABILITATION CENTER,
VIRGINIA HIGHLANDS HR,
VIRGINIA HIGHLANDS
A foreign corporation
c/o CT CORPORATION, its Registered Agent
301 S. Bedford Street, Suite 1
Madison, WI 53703,

ABC INSURANCE COMPANY
An insurance company, whose identity is unknown,

SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC
A foreign corporation
c/o THE CORPORATION TRUST COMPANY, its Registered Agent
1209 Orange Street
Wilmington, DE 19801,

DEF INSURANCE COMPANY
An insurance company, whose identity is unknown,

SAVASENIORCARE CONSULTING, LLC
A foreign corporation
c/o THE CORPORATION TRUST COMPANY, its Registered Agent

1

1209 Orange Street
Wilmington, DE 19801,

GHI INSURANCE COMPANY
An insurance company, whose identity is unknown,

XAVIER BECCERA as
SECRETARY OF THE U.S. DEPT.
OF HEALTH AND HUMAN SERVICES
c/o United States Attorney's Office
Federal Building
517 E. Wisconsin Avenue
Milwaukee, WI 53202,

UNITEDHEALTHCARE OF WISCONSIN, INC.
A domestic corporation
c/o CT Corporation, its Registered Agent
301 S. Bedford Street, Suite 1
Madison, WI 53703,

        Defendants.

---

## COMPLAINT

---

NOW COMES the PLAINTIFFS, The Estate of Donna M. Fay by Carol M. Thompson, Special Administrator, Carol M. Thompson, individually, by their attorneys, HETZEL LAW OFFICE, LLC, alleges as follows:

1.      Donna M. Fay (hereinafter "DONNA") was a resident of Virginia Highlands Health And Rehabilitation Center, also known as Virginia Highlands Health & Rehab Ctr, Virginia Highlands HR, and Virginia Highlands, located at W173 N10915 Bernies Way, Germantown, Wisconsin 53022, from approximately March 13th, 2018 through May 22nd, 2020.

2.      DONNA was born on August 4, 1939 and died on May 22nd, 2020; she was 80 years old at the time of her death. At all times material to this Complaint and to the date of her death, DONNA was a resident of the Village of Germantown, Washington County, Wisconsin.

3.     Plaintiff Carol M. Thompson (hereinafter "CAROL") is an adult resident of the State of Wisconsin, currently residing at W1189 Floral Park Lane, Campbellsport, Wisconsin 53010. She is the surviving daughter of Donna M. Fay. Carol was appointed Special Administrator of THE ESTATE OF DONNA M. FAY on June 17, 2020 (Washington County Case Number 2020PR00087). A copy of the *Letters of Special Administration* is attached hereto as Exhibit 1.

4.     Involuntary Plaintiff Rose M. Knaup (hereinafter "ROSE") is an adult resident of the State of Wisconsin, currently residing at N296 13th Drive, Wautoma, Wisconsin 54982. She is the surviving daughter of Donna M. Fay. She is being joined in this action pursuant to Wis. Stats. §803.03(1) because she may have a claim related to the subject matter of this action.

5.     THE ESTATE OF DONNA M. FAY, CAROL and ROSE are hereinafter collectively referred to as "PLAINTIFFS".

6.     Upon information and belief, Defendant SSC GERMANTOWN OPERATING COMPANY LLC, doing business as VIRGINIA HIGHLANDS HEALTH AND REHABILITATION CENTER, VIRGINIA HIGHLANDS HLTH & REHAB CTR, VIRGINIA HIGHLANDS HR, AND VIRGINIA HIGHLANDS (hereinafter "SSC GERMANTOWN OPERATING COMPANY LLC") is a foreign corporation with its principal office located at W173 N10915 Bernies Way, Germantown, Wisconsin 53022 and the office of its registered agent, CT Corporation System, located at 301 South Bedford Street, Suite 1, Madison, Wisconsin 53703. Upon further information and belief, at all times material hereto, SSC GERMANTOWN OPERATING COMPANY LLC did/does substantial and not isolated business in the State of Wisconsin. Upon information and belief, SSC GERMANTOWN OPERATING COMPANY LLC is in the business of managing, owning and/or operating senior living and/or health care services including, but not limited to, skilled nursing facilities, nursing

3

facilities, nursing homes, and/or assisted living facilities. Upon further information and belief, at all times material, SSC GERMANTOWN OPERATING COMPANY LLC owned, operated, supervised, managed, administered, licensed, funded, and/or did business as the skilled nursing facility Virginia Highlands Health And Rehabilitation Center, also known as Virginia Highlands Hlth & Rehab Ctr, Virginia Highlands HR, and Virginia Highlands, located at W173 N10915 Bernies Way, Germantown, Wisconsin 53022. Upon information and belief, at all times material hereto, SSC GERMANTOWN OPERATING COMPANY LLC, by its employees, representatives, consultants, agents, and/or servants provided DONNA with care, treatment, and/or services at the skilled nursing facility and/or nursing home located at W173 N10915 Bernies Way, Germantown, Wisconsin 53022.     Upon information and belief, SSC GERMANTOWN OPERATING COMPANY LLC is directly liable for its own negligent acts, as well as the negligent acts of its employees, officers and/or directors acting on SSC GERMANTOWN OPERATING COMPANY LLC'S behalf. Further, SSC GERMANTOWN OPERATING COMPANY LLC is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, and/or servants and those who SSC GERMANTOWN OPERATING COMPANY LLC controlled or had the right and/or power to control, including contractors.

7.     Upon information and belief, SSC GERMANTOWN OPERATING COMPANY LLC is not only individually liable for the claims detailed herein but is also liable on the theory of corporate relationship to, control of, direct participant liability and/or successor liability for, including but not limited to SAVASENIORCARE Administrative Services, LLC, and SAVASENIORCARE Consulting, LLC. Upon information and belief, at all times relevant to the incident that is the subject of this case SSC GERMANTOWN OPERATING COMPANY

4

LLC is liable for the negligence, actions, and/or omissions of SAVASENIORCARE Administrative Services, LLC, and SAVASENIORCARE Consulting, LLC.

8.      Upon information and belief, at all times material hereto, Defendant ABC Insurance Company is insurance corporations doing substantial and not isolated business in Wisconsin that delivered policies of insurance in the State of Wisconsin to SSC GERMANTOWN OPERATING COMPANY LLC and are/were the liability insurers of SSC GERMANTOWN OPERATING COMPANY LLC against liability claims, including those detailed herein. By virtue of the terms and conditions of the policies of insurance and the statutes of the State of Wisconsin, ABC Insurance Company is directly liable to PLAINTIFFS. The identity of ABC Insurance Company is unknown and, therefore, PLAINTIFFS are identifying said Defendants by fictitious name pursuant to the provisions of Wis. Stat. § 807.12.

9.      Upon information and belief, Defendant SAVASENIORCARE Administrative Services, LLC is a foreign corporation with the office of its registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Upon further information and belief, at all times material hereto, SAVASENIORCARE Administrative Services, LLC did/does substantial and not isolated business in the State of Wisconsin. Upon information and belief, SAVASENIORCARE Administrative Services, LLC is in the business of managing, owning and/or operating senior living and/or health care services including, but not limited to, skilled nursing facilities, nursing facilities, nursing homes, and/or assisted living facilities. Upon further information and belief, at all times material, SAVASENIORCARE Administrative Services, LLC owned, operated, supervised, managed, administered, licensed, funded, and/or did business as the skilled nursing facility VIRGINIA HIGHLANDS HEALTH AND REHABILITATION CENTER, also known as VIRGINIA

HIGHLANDS HLTH & REHAB CTR, VIRGINIA HIGHLANDS HR, and VIRGINIA HIGHLANDS, located at W173 N10915 Bernies Way, Germantown, Wisconsin 53022. Upon information and belief, at all times material hereto, SAVASENIORCARE Administrative Services, LLC, by its employees, representatives, consultants, agents, and/or servants provided DONNA with care, treatment, and/or services at the skilled nursing facility and/or nursing home located at W173 N10915 Bernies Way, Germantown, Wisconsin 53022. Upon information and belief, SAVASENIORCARE Administrative Services, LLC is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on behalf of SAVASENIORCARE Administrative Services, LLC. Further, SAVASENIORCARE Administrative Services, LLC is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, and/or servants and those who SAVASENIORCARE Administrative Services, LLC controlled or had the right and/or power to control, including contractors.

10.     Upon information and belief, SAVASENIORCARE Administrative Services, LLC is not only individually liable for the claims detailed herein but is also liable on the theory of corporate relationship to, control of, direct participant liability and/or successor liability for, including but not limited to SSC GERMANTOWN OPERATING COMPANY LLC. Upon information and belief, at all times relevant to the incident that is the subject of this case SAVASENIORCARE Administrative Services, LLC is liable for the negligence, actions, and/or omissions of SSC GERMANTOWN OPERATING COMPANY LLC, and SAVASENIORCARE Consulting, LLC.

11.     Upon information and belief, at all times material hereto, Defendant DEF Insurance Companies are insurance corporations doing substantial and not isolated business in

Wisconsin that delivered policies of insurance in the State of Wisconsin to SAVASENIORCARE Administrative Services, LLC and are/were the liability insurers of SAVASENIORCARE Administrative Services, LLC against liability claims, including those detailed herein. By virtue of the terms and conditions of the policies of insurance and the statutes of the State of Wisconsin, DEF Insurance Companies is directly liable to PLAINTIFFS. The identity of DEF Insurance Companies is unknown and, therefore, PLAINTIFFS are identifying said Defendants by fictitious name pursuant to the provisions of Wis. Stat. § 807.12.

12.     Upon information and belief, Defendant SAVASENIORCARE Consulting, LLC is a foreign corporation with the office of its registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Upon further information and belief, at all times material hereto, SAVASENIORCARE Consulting, LLC did/does substantial and not isolated business in the State of Wisconsin. Upon information and belief, SAVASENIORCARE Consulting, LLC is in the business of managing, owning and/or operating senior living and/or health care services including, but not limited to, skilled nursing facilities, nursing facilities, nursing homes, and/or assisted living facilities. Upon further information and belief, at all times material, SAVASENIORCARE Consulting, LLC owned, operated, supervised, managed, administered, licensed, funded, and/or did business as the skilled nursing facility VIRGINIA HIGHLANDS HEALTH AND REHABILITATION CENTER, also known as VIRGINIA HIGHLANDS HLTH & REHAB CTR, VIRGINIA HIGHLANDS HR, and VIRGINIA HIGHLANDS, located at W173 N10915 Bernies Way, Germantown, Wisconsin 53022. Upon information and belief, SAVASENIORCARE Consulting, LLC is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on behalf of SAVASENIORCARE Consulting, LLC. Further, SAVASENIORCARE Consulting,

7

LLC is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, and/or servants and those who SAVASENIORCARE Consulting, LLC controlled or had the right and/or power to control, including contractors.

13.    Upon information and belief, SAVASENIORCARE Consulting, LLC is not only individually liable for the claims detailed herein but is also liable on the theory of corporate relationship to, control of, direct participant liability and/or successor liability for, including but not limited to SSC GERMANTOWN OPERATING COMPANY LLC, and SAVASENIORCARE Administrative Services, LLC. Upon information and belief, at all times relevant to the incident that is the subject of this case SAVASENIORCARE Consulting, LLC is liable for the negligence, actions, and/or omissions of SSC GERMANTOWN OPERATING COMPANY LLC, and SAVASENIORCARE Administrative Services, LLC.

14.    Upon information and belief, at all times material hereto, Defendant GHI Insurance Company is insurance corporations doing substantial and not isolated business in Wisconsin that delivered policies of insurance in the State of Wisconsin to SAVASENIORCARE Consulting, LLC and are/were the liability insurers of SAVASENIORCARE Consulting, LLC against liability claims, including those detailed herein. By virtue of the terms and conditions of the policies of insurance and the statutes of the State of Wisconsin, GHI Insurance Company is directly liable to Plaintiff. The identity of GHI Insurance Company is unknown and, therefore, Plaintiff is identifying said Defendants by fictitious name pursuant to the provisions of Wis. Stat. § 807.12.

15.    Defendant, Xavier Beccera, Secretary of the United States Department of Health and Human Services, has oversight responsibility for the Health Care Financing Administration, the agency responsible for administering the federal Medicare program (hereinafter "Medicare").

8

Upon information and belief, Medicare may have paid health claims on behalf of DONNA for medical care and services rendered as a result of the incident that is the subject of this case. Pursuant to 42 U.S.C. § 1395 Y (b) (2), Medicare may be entitled to reimbursement for related paid claims if PLAINTIFFS recover through settlement or judgment. PLAINTIFFS assert no claim against the United States, its agencies, or employees. Further, PLAINTIFFS seek to extinguish any alleged subrogation claim of Medicare.

16.    Upon information and belief, Defendant UNITEDHEALTHCARE OF WISCONSIN, INC. is a domestic Wisconsin corporation and/or health maintenance organization with the office of its registered agent, CT CORPORATION SYSTEM, located at 301 S. Bedford Street, Ste 1, Madison, Wisconsin 53703 and its statutory home office located at 10701 W. Research Drive, Wauwatosa, Wisconsin 53226. Upon further information and belief, at all times material hereto, UNITEDHEALTHCARE OF WISCONSIN, INC. did/does substantial and not isolated business in the State of Wisconsin. Upon information and belief, UNITEDHEALTHCARE OF WISCONSIN, INC. may have paid health claims on behalf of DONNA for medical care and services rendered as a result of the incident that is the subject of this case. Pursuant to Wis. Stat. § 803.03, the UNITEDHEALTHCARE OF WISCONSIN, INC. may be entitled to reimbursement for related, paid claims if PLAINTIFF recovers through settlement or judgment. PLAINTIFF alleges that there may be insufficient funds from which to honor any alleged subrogation claim of the UNITEDHEALTHCARE OF WISCONSIN, INC., if in fact said claim is valid and/or applicable, and that the interest of the UNITEDHEALTHCARE OF WISCONSIN, INC. is subordinate to the interest of PLAINTIFF. Further, PLAINTIFF seek to extinguish any alleged subrogation claim of the UNITEDHEALTHCARE OF WISCONSIN, INC and therefore it is a property party Defendant.

## GENERAL ALLEGATIONS

17.     Reallege and incorporate herein paragraphs 1 through 16, above.

18.     SSC GERMANTOWN OPERATING COMPANY, LLC, SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC, and SAVASENIORCARE CONSULTING, LLC, are owned, operated, administered, managed, funded, licensed, controlled, supervised, and/or did business as VIRGINIA HIGHLANDS HEALTH AND REHABILITATION CENTER, also known as VIRGINIA HIGHLANDS HLTH & REHAB CTR, VIRGINIA HIGHLANDS HR, and VIRGINIA HIGHLANDS, located at W173 N10915 Bernies Way, Germantown, Wisconsin 53022, at all times material to this lawsuit.

19.     At all times material to this lawsuit, VIRGINIA HIGHLANDS HEALTH AND REHABILITATION CENTER, also known as VIRGINIA HIGHLANDS HLTH & REHAB CTR, VIRGINIA HIGHLANDS HR, and VIRGINIA HIGHLANDS (hereinafter, "VIRGINIA HIGHLANDS"), located at W173 N10915 Bernies Way, Germantown, Wisconsin 53022, is/was a skilled nursing facility, nursing facility, and/or nursing home within the meaning of federal and Wisconsin statutes, regulations, and codes.

20.     At all times material, VIRGINIA HIGHLANDS was subject to federal and state law, licensing and regulatory statutes, administrative codes, and rules applicable to skilled nursing facilities, nursing facilities, and/or nursing homes.

21.     DEFENDANTS held themselves out as a specialist in the operation, administration, and management of a skilled nursing facilities, nursing facilities, and/or nursing homes, with the expertise necessary to provide prompt, necessary, and adequate care, treatment, and assistance, a safe environment, and maintain the health and safety of its residents.

22.     DONNA was admitted to VIRGINIA HIGHLANDS on or around March 13th, 2018 for rehabilitation and/or care following a hospitalization.

10

23.    Upon information and belief, upon her admission to VIRGINIA HIGHLANDS on or around March 13th, 2018, DEFENDANTS documented that DONNA was admitted with quadriplegia, pneumonia and depressive disorder.

24.    At all times DONNA was a resident of VIRGINIA HIGHLANDS, DEFENDANTS had a duty and promised to provide DONNA with prompt and adequate individualized treatment, assistance, care, and services including, but not limited to, skilled nursing care, supervision, monitoring, assessment, skin and/or wound care, pressure injury and/or infection prevention, medication management and/or administration, toileting and/or mobility assistance, in dwelling catheter care, and/or dietary services, by DEFENDANTS and/or its employees, representatives, consultants, agents, officers, and/or servants to attain and maintain the highest physical, mental, and psychosocial well-being, level of function and safety for DONNA.

25.    At all times material, DEFENDANTS had a duty to and agreed to provide health care and/or related services to DONNA to attain and maintain the highest physical, mental, and psychosocial well-being, level of function and safety for DONNA.

26.    At all times material, DONNA had quadriplegia and was subject to numerous risk factors including, but not limited to, impaired mobility, muscle weakness, fatigue, balance deficits, predisposing diseases/conditions, incontinence, pain, and/or foley catheter use, and was unable to attend to her own health and safety.

27.    At all times material, DONNA required supervision, monitoring, and assistance from DEFENDANTS' staff and was dependent on DEFENDANTS' assistance for treatment, cares, activities of daily living, health care, and/or related services including, but not limited to, bed mobility, repositioning, pressure off-loading and/or redistribution, physical activity, mobility and/or transfers assistance, incontinence and/or catheter care, urinary and/or bowel

11

management, skin and/or wound care, personal hygiene, nutrition and/or hydration, and/or medication management and/or administration, and/or the prevention of harm, injuries, skin breakdown, pressure injuries, ulcers, and/or infections.

28.    At all times material, DEFENDANTS accepted the duty and responsibility for the safety and supervision of DONNA and stood in a special relationship with DONNA for the purposes of her protection.

29.    At all times material, the special relationship between DONNA and DEFENDANTS gave rise to a duty of reasonable care owed to DONNA, and other VIRGINIA HIGHLANDS residents, to protect them from all foreseeable harm.

30.    Upon information and belief, at all times material, DEFENDANTS knew or should have known that DONNA required adequate and competent staff to supervise, assess, monitor, assist, treat, protect, and keep its residents, including DONNA, safe.

31.    At all times material, it was the policy, procedure and practice of the DEFENDANTS to educate, train, orient and teach management, supervisors and staff to provide care, assistance, and services to residents according to their needs and disabilities.

32.    Upon information and belief, at all times material, DEFENDANTS, through their employees, representatives, consultants, agents, and/or servants, had developed and implemented practices, policies, and procedures to develop, update, implement, and/or comply an Individualized Service Plan, Plan of Care, and/or Care Plan for the residents of VIRGINIA HIGHLANDS, including DONNA.

33.    Upon information and belief, at all times material, DEFENDANTS failed to properly transfer DONNA using a Hoyer Lift per the current standards of practice and/or DEFENDANTS' policies and procedures, failed to use the proper straps for the Hoyer Lift and

12

were using universal straps that were not numbered, failed to have two caregivers present to transfer DONNA from her bed to her wheelchair, and failed to prevent DONNA from injury while she was a resident of VIRGINIA HIGHLANDS.

34.     Upon information and belief, at all times material, DONNA spent a significant amount of time in bed while she was a resident of VIRGINIA HIGHLANDS and required assistance to leave or return to her bed at the VIRGINIA HIGHLANDS.

35.     At all times material, it was the duty and responsibility of DEFENDANTS' management, supervisors and staff to act reasonably to prevent residents, including DONNA, from harm.

36.     At all times material, DEFENDANTS chose not to provide adequate training for their management and staff regarding their reasonable duty of care to protect residents from harm.

37.     Upon information and belief, at all times material, DEFENDANTS chose not to develop policy, practice, procedure, and/or protocols to address the needs of DONNA and other VIRGINIA HIGHLANDS residents.

38.     Upon information and belief, at all times material, DEFENDANTS failed to ensure its staff was trained in mobility assistance and failed to provide DONNA with the with the adequate and competent staff necessary to transfer DONNA via a Hoyer Lift, or to provide the proper straps for use with the Hoyer Lift, using practices, procedures, and/or protocols required to meet DONNA'S needs and/or prevent DONNA from harm.

39.     Upon information and belief, that on or around May 22nd, 2020 at 7:10 a.m., DEFENDANTS' documented that DONNA was being transferred via the Hoyer Lift from her bed to her wheelchair. As the nursing assistant was lifting DONNA from her bed and pivoting toward the wheelchair, the nursing assistant reported hearing a snapping noise and DONNA slid out of the sling and landed on the floor at the base of the Hoyer Lift.

13

40.     As a direct of Defendant's choices, including but not limited to Defendant's choice not to properly monitor Donna by ensuring that two caregivers were present during the transfer, but also failed to provide the proper straps for use with the Hoyer Lift, resulted in a subsequent investigation performed by the Department of Health and Human Services. The Department of Health and Human Services found that VIRGINIA HIGHLANDS, relative to this incident, provided substandard quality of care, and that the root cause of the fall was the use of an incorrect sling that was not completely hooked into all four of the clips of the lift and did not wait for a second staff member to assist with DONNA'S transfer per her plan of care.

41.     Upon information and belief, on or around 8:00 a.m. on May 22nd, 2020, DONNA was transported from VIRGINIA HIGHLANDS to the hospital by emergency medical services, where she was admitted, evaluated, diagnosed with, and/or treated for severe injuries, including but not limited to a laceration to her face requiring stitches, a urinary tract infection and fractures to both legs, specifically a right femur fracture and a left tibula-fibula fracture, and acute cholecystitis.

42.     Upon information and belief, DONNA arrived at the hospital by emergency medical services on May 22nd, 2020 and DONNA'S injuries were documented upon her admission to the hospital.

43.     As a direct result of the DEFENDANTS' choices, DONNA required surgical intervention, and/or extensive treatment for the injuries she suffered while she was a resident of VIRGINIA HIGHLANDS, which ultimately resulted in her death.

44.     As a result of actions and omissions of DEFENDANTS, DONNA suffered severe pain suffering, mental anguish, and emotional distress, and DONNA died on May 22nd, 2020 as a direct result of complications of the injuries she suffered at VIRGINIA HIGHLANDS

14

and/or as a direct result of complications of the injuries she suffered as a result of the actions and omissions of the DEFENDANTS.

## FIRST CAUSE OF ACTION – NEGLIGENCE

45.     Reallege and incorporate herein paragraphs 1 through 44 above.

46.     Upon information and belief, DEFENDANTS, through its employees, representatives, consultants, agents, and/or servants, chose not to provide necessary care, assessments, planning, supervision, monitoring, management, documentation, administration, assistance, care and treatment to DONNA, including but not limited to:

     a.      failing to properly assess DONNA;

     b.      failing to prevent DONNA from being injured while transferring her from the wheelchair to the bed and bed to the wheelchair;

     c.      failing to provide appropriate and necessary care, services, interventions and/or treatments required to attain or maintain highest practicable physical, mental, and/or psychosocial level of well-being for DONNA, provide or arrange for services adequate to meet DONNA'S needs, and/or ensure that DONNA received treatment and care in accordance with the standards of care, her comprehensive individualized care plan, and/or DEFENDANTS' policies and procedures;

     d.      failing to provide the proper equipment and implement appropriate and necessary care, treatment, interventions and/or plans to prevent injuries from occurring while using the Hoyer Lift;

     e.      failing to provide sufficient services to meet the care needs of DONNA and/or ensure that DONNA received prompt and adequate treatment, care, and/or services appropriate to her needs;

     f.      failing to properly manage, arrange for and/or administer physician orders and/or ensure DONNA received services, care, and/or treatments in compliance with his physician's orders;

     g.      failing to document and/or assess changes in the DONNA'S health or mental health status, monitor DONNA'S health, and/or properly arrange for DONNA'S needs and/or services;

15

h.     failing to monitor and supervise DONNA to keep her safe;

i.  failing to evaluate the increasing acuity of DONNA'S needs and the ability of DEFENDANTS to meet those needs;

j.   failing to ensure DONNA'S medical records were complete, accurately documented and/or maintained, readily accessible, and/or accurately reflected pertinent care information including, but not limited to assessments and/or services, cares, treatments, and/or medications provided to DONNA;

k.     failing to appropriately train and/or instruct, supervise, and hire its employees, representatives, consultants, agents, and/or servants to ensure that DONNA received proper assessment, supervision, treatments, care, and/or skilled nursing services, including but not limited to, appropriate transfer using the Hoyer lift, use of appropriate equipment and straps, failing to inspect the equipment, and compliance with 2-person assist transfers;

l.     failing to develop and/or implement proper policies and procedures and necessary interventions and/or plans regarding documenting appropriate transfer using the Hoyer lift, use of appropriate equipment and straps, failing to inspect the equipment, and compliance with 2-person assist transfers

m.     failing to have in place appropriate policies and procedures to ensure that all staff were knowledgeable about, including but not limited to, the need for documenting and provide care in accordance with DONNA'S needs, his Plan of Care, and/or her physicians' orders;

n.     failing to comply with state and federal regulations and other policies and procedures, including but not limited to Wis. Adm. Code DHS § 132; and/or

o.     otherwise failing to follow the appropriate standards of care.

47.     DEFENDANTS, through their employees, representatives, consultants, agents, and/or servants engaged in a continuum and pattern of negligent care, assessment, documentation, planning, supervision, management, administration, assistance, care, and treatment of DONNA during the period of her residency at VIRGINIA HIGHLANDS, within the course and scope of their employment and agency, and in furtherance of the DEFENDANTS' business.

48.     DEFENDANTS' continuum and/or pattern of negligence of their employees, representatives, consultants, agents, and/or servants were a substantial factor in causing DONNA'S injuries, including but not limited to, a laceration to her face requiring stitches, a

16

urinary tract infection and fractures to both legs, specifically a right femur fracture and a left tibula-fibula fracture, and acute cholecystitis resulting in her death on May 22nd, 2020.

49.　　　DEFENDANTS had a duty to develop, updated, implement, DONNA'S Plan of Care and to provide her with health care and related services to attain and maintain the highest physical, mental, and psychosocial well-being, level of functioning and safety.

50.　　　DEFENDANTS and their employees, representatives, agents, consultants, officers and servants failed, neglected and refused to follow and comply with DONNA'S Plan of Care, and to provide health care, proper assistance, and related services to and for DONNA to attain and maintain the highest physical, mental, and psychosocial well being, level of functioning and safety for DONNA who was unable to attend to her own health and safety.

51.　　　At all times material, DEFENDANTS were subject to the requirements of 42 U.S.C. § 139, 6r (1990) et. seq, as amended by the Omnibus Budget Reconciliation Act of 1987 (OBRA).

52.　　　At all times material, DEFENDANTS were subject to regulations of Volume 42, C.F.R. Part 483, and effective October 1, 1990.

53.　　　At all times material, DEFENDANTS were subject to licensing and regulatory statutes, administrative code and rules of the State of Wisconsin.

54.　　　At all times material, DEFENDANTS operated and managed VIRGINIA HIGHLANDS so as to reduce costs by reducing staffing levels below that needed to provide necessary care to residents, including DONNA. DEFENDANTS intentionally and/or with reckless disregard for the rights of its residents and DONNA caused staffing levels at VIRGINIA HIGHLANDS to be set so that the personnel on duty at any given time could not meet the needs of residents.

55.　　　Upon information and belief, DEFENDANTS knowingly established staffing levels that created recklessly low nurse and nurse aid to resident ratios and disregarded patients' acuity

levels as well as the minimal time required to perform essential functions. All of these acts and omissions of malfeasance directly caused injury to DONNA and other residents and were known to DEFENDANTS

56.    Upon information and belief, the acts and omissions of DEFENDANTS were motivated by a desire to reduce costs of VIRGINIA HIGHLANDS by reducing expenditures for staff, training, education, supervision, management and/or care to levels that would predictably lead to injury of residents, including DONNA.

57.    Upon information and belief, at all times material, DEFENDANTS failed to control the quality of care and services provided to residents, to provide safe and adequate care, treatment, services, and support, and to protect the health and safety of DONNA and other residents.

58.    Upon information and belief, at all times material, DEFENDANTS were aware, had knowledge of and were notified that DEFENDANTS engaged in a pattern of negligent, inadequate and substandard management, administration and care, including but not limited to, use of substandard equipment, resident safety, resident monitoring, resident assessment, and/or care planning.

59.    Upon information and belief, at all times material, DEFENDANTS were aware, had knowledge of, and were notified that DEFENDANTS provided inadequate and substandard staffing levels, hiring practices, training of staff, administration, management and failed to develop, maintain, implement and supervise policies, procedures and standards of care.

60.    Upon information and belief, at all times material, DEFENDANTS failed to control the quality of care and services provided to residents of VIRGINIA HIGHLANDS to provide the necessary care and services to attain and maintain the highest physical, mental, and psychosocial well-being, level of functioning and safety of DONNA and other residents.

61.     Upon information and belief, at all times material, DEFENDANTS, through their employees, representatives, consultants, agents, directors, officers and servants, violated the OBRA regulations that establish the minimum standard of care to be followed by nursing homes. The OBRA regulations were enacted to protect nursing home residents such as DONNA.

62.     At all times material, DEFENDANTS, by violating these federal rules and regulations, breached a duty of care owed to DONNA who was a member of the class of citizens these rules and regulations were intended and enacted to protect and as a direct result caused DONNA to suffer a loss of dignity, severe injuries, pain, suffering, disability, mental anguish, and emotional distress, and a wrongful death.

63.     DEFENDANTS is subject to the provisions of Wis. Stat. § 50.09, entitled, "Rights of residents in certain facilities," and Chapter DHS 132 - Nursing Homes. These laws were enacted to protect nursing home residents such as DONNA.

64.     DEFENDANTS failed to provide DONNA with a safe and convenient living environment in violation of Chapter 50 of the Wisconsin statutes.

65.     DEFENDANTS violated DONNA'S rights, including but not limited to the right to be treated at all times with courtesy, respect, and full recognition of his dignity and individuality, all in violation of Chapter 50 and DHS 132.

66.     DEFENDANTS failed to provide treatment, services and nursing care, and other ancillary services to DONNA, in violation of federal and Wisconsin statutes, codes, and regulations.

67.     DEFENDANTS' continuum and/or pattern of negligence of its employees, representatives, consultants, agents and/or servants and their violation of Wisconsin and federal

laws, rules and regulations, and codes were a substantial factor in causing DONNA'S rights to be violated and DONNA'S loss of dignity, severe injuries, pain, suffering, disability, mental anguish, and emotional distress, and wrongful death.

68.     The acts and/or omissions of DEFENDANTS and/or its employees, representatives, consultants, agents, servants, directors, and officers were a substantial factor in causing the harm and damages suffered by the PLAINTIFFS.

69.     As a direct and proximate result of DEFENDANTS' acts, omissions, and statutory, regulatory and code violations, DONNA'S rights were violated, and DONNA suffered a loss of dignity, severe injuries, pain, suffering, disability, mental anguish, and emotional distress, and a wrongful death on May 22nd, 2020.

70.     As a direct and proximate result of the DEFENDANTS' acts, omissions and/or statutory, regulatory and code violations, the PLAINTIFFS incurred funeral expenses, medical expenses, out-of-pocket expenses, the loss of society and companionship of DONNA, and/or damages pursuant to Wis. Stat. § 895.04.

## SECOND CAUSE OF ACTION - PUNITIVE DAMAGES

71.     PLAINTIFFS reallege and incorporate herein paragraphs 1 through 70. DEFENDANTS' conduct was malicious and/or in conscious indifference and/or in intentional disregard of the rights of DONNA, and others similarly situated, and performed willfully, wantonly, and with disregard and/or conscious indifference of DONNA'S rights.

72.     As a result of DEFENDANTS' acts, omissions, statutory, regulatory and code violations, and punitive conduct, DONNA suffered a loss of dignity, severe injuries, pain, suffering, disability, mental anguish, and emotional distress, and a wrongful death on May 22nd, 2020.

73.    As a result of DEFENDANTS' acts, omissions, statutory, regulatory and code violations, and punitive conduct, PLAINTIFFS incurred medical expenses, funeral expenses, out-of-pocket expenses, the loss of society and companionship of DONNA, and/or damages pursuant to Wis. Stat. § 895.04.

WHEREFORE the Plaintiff The Estate of Donna M. Fay by Special Administrator Carol M. Thompson, Carol M. Thompson, as an individual and Rose M. Knaup, demand a trial by jury and demands judgment against the Defendants SSC Germantown Operating Company, ABC Insurance Company, Savaseniorcare Administrative Services, LLC, DEF Insurance Company, Savaseniorcare Consulting, LLC, GHI Insurance Company, and each of them, as follows.

    a.   For a sum of money to be awarded by a jury plus prejudgment interest at a commercially reasonable rate from the date of the injury;

    b.   For reasonable and necessary attorney's fees;

    c.   For their costs and disbursements herein;

    d.   For punitive damages in an amount to be determined by the jury;

    e.   For such other and further relief as may be just and equitable under the laws and statutes of the State of Wisconsin.

Dated:    August 25th, 2021

HETZEL LAW OFFICE, LLC
Attorneys for PLAINTIFFS Estate of Donna M. Fay
by Carol M. Thompsons, Special Administrator and
Carol M. Thompson, Individually

By: _____
Ryan J. Hetzel
State Bar No. 1029686

21

**Post Office Address:**
**411 North River Road**
**West Bend, WI 53090**
**(262) 334-4700**

Case 2020PR000087    Document 10    Filed 06-1  **EXHIBIT** ☐

FILED
06-17-2020
Register in Probate
Washington County, WI
2020PR000087

BY THE COURT:

DATE SIGNED: June 17, 2020

Electronically signed by James K. Muehlbauer
Circuit Court Judge



COURT SEAL

---

**STATE OF WISCONSIN, CIRCUIT COURT, WASHINGTON**      **COUNTY**

IN THE MATTER OF THE ESTATE OF:      ☐ Amended

Donna Marie Alice Fay
Name

**Letters of Special Administration
(Formal Administration)**

Case No.

To:     Carol M. Thompson
        W1189 Floral Park Ln.
        Campbellsport WI 53010

The decedent, with date of birth August 4, 1939     and date of death May 22, 2020
was domiciled in Washington     County, State of Wisconsin

You are granted

☒ only these specific powers: retain litigation counsel to investigate potential claims that the estate may have against third parties, sign a contingent fee retainer agreement and report to the Court when litigation counsel determines when the value of claims against third parties becomes ascertainable; No funds shall be received nor disbursed by the estate without further order of the court; Special administrator must resolve any claims filed; Special administrator must petition the court to close the estate; Special administrator must comply with anything further the court may order.

☐ all the same powers, duties and liabilities as a personal representative.
    ☐ Except: _____

Other: _____

**(COURT SEAL)**

| Form completed by: (Name) |  |
|---|---|
| J. Douglas Fitzgerald |  |
| Address |  |
| 2005 Stonebridge Circle |  |
| West Bend WI 53095 |  |
| Telephone Number | Bar Number |
| (262) 334-8015 | 1011754 |

PR-1853  10/10 Letter of Special Administration (Formal Administration)      §§867.15, 867.17, and 879.57, Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.

**FILED**
08-26-2021
**Clerk of Circuit Court**
**Washington County, WI**
2021CV000417
**Honorable James K**
**Muehlbauer**
**Branch 2**

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **WASHINGTON**

The Estate of Donna M Fay by Carol M Thompson et al vs.   **Electronic Filing**
SSC Germantown Operating Company LLC et al                **Notice**

Case No. 2021CV000417
Class Code: Wrongful Death

---

SSC GERMANTOWN OPERATING COMPANY LLC
301 S. BEDFORD STREET, STE. 1
C/O CT CORPORATION, ITS REGISTERED AGENT
MADISON WI 53703

Case number 2021CV000417 was electronically filed with/converted by the Washington County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party:

**Pro Se opt-in code: 11d8c9**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 262-335-4341.

Washington County Circuit Court
Date: August 26, 2021

GF-180(CCAP), 11/2020 Electronic Filing Notice                                    §801.18(5)(d), Wisconsin Statutes
**This form shall not be modified. It may be supplemented with additional material.**

# Exhibit B

CT Corporation

**Service of Process Transmittal**
09/02/2021
CT Log Number 540181767

TO: Melita Hobby, Administrative Assistant
SavaSeniorCare, LLC
8601 DUNWOODY PL STE 775
ATLANTA, GA 30350-2519

RE: **Process Served in Wisconsin**

FOR: SSC Germantown Operating Company LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: THE ESTATE OF DONNA M. FAY, By CAROL M. THOMPSON, Special Administrator, And CAROL M. THOMPSON, Individually // To: SSC Germantown Operating Company LLC |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2021CV000417 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Madison, WI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/02/2021 at 12:05 |
| **JURISDICTION SERVED :** | Wisconsin |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/02/2021, Expected Purge Date: 09/07/2021<br><br>Image SOP<br><br>Email Notification,  Wynn Sims  wgsims@savasc.com<br><br>Email Notification,  Melita Hobby  mlhobby@savasc.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>301 S. Bedford Street<br>Suite 1<br>Madison, WI 53703<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.